IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

|  |  |
|---|---|
| PAYTON SUE MALLIA, on behalf of herself and her minor child J.C.<br><br>PLAINTIFFS<br><br>v.<br><br>TAYLOR ELKINS,<br>RANDALL SCHWAB,<br>BRANDON WALKER,<br>SHANE ALKIRE,<br><br>DEFENDANTS | CASE No. 5:25-cv-05208 |

## FIRST AMENDED COMPLAINT

Come now the Plaintiffs Payton Mallia, on behalf of herself and her minor child J.C., and for their Complaint state and allege as follows:

## PARTIES

1.) **Plaintiff Payton Sue Mallia** is an adult resident of Washington County, Arkansas. She is a 27-year-old Caucasian woman.

2.) **Plaintiff J.C.** is a 6-year-old little boy who is the biological son of Payton Mallia.

3.) **Defendant Taylor Elkins** for all times related to this complaint, is an adult

who was residing in Northwest Arkansas. For all times related to the facts of this complaint, he was a full-time employee of the Arkansas State Police. He is commonly referred to as a State Trooper. He worked in Troop L, based out of Lowell, Arkansas. He is sued in his individual capacity.

4.) **Defendant Randall Schwab** is an adult residing in Northwest Arkansas. For all times related to the facts of this complaint, he was a full-time employee of the Arkansas State Police. He is commonly referred to as a State Trooper. He works in Troop L, based out of Lowell, Arkansas. He is sued in his individual capacity.

5.) **Defendant Brandon Walker** is an adult residing in Northwest Arkansas. For all times related to the facts of this complaint, he was a full-time employee of the Arkansas State Police. He is commonly referred to as a State Trooper. He works in Troop L, based out of Lowell, Arkansas. He is sued in his individual capacity.

6.) **Defendant Shane Alkire** is an adult residing in Northwest Arkansas. For all times related to the facts of this complaint, he was a full-time employee of the Arkansas State Police. He is commonly referred to as a State Trooper. He works in Troop L, based out of Lowell, Arkansas. He is sued in his individual capacity.

## JURISDICTION AND VENUE

7.) This action arises under Title 42 U.S.C. §§ 1983 & 1988 and 28 U.S.C. §§ 2201 and 2202. This is a claim for money damages for violation of the federal Fourth Amendment to the United States Constitution. Subject matter jurisdiction is by reason

of Title 28 U.S.C. §§ 1331, 1334, 1343(a)(3), and 1367. Venue is in the Western District of Arkansas by reason of Title 28 U.S.C. §§ 1391(b & c), as the acts or omissions complained of occurred in the Western District of Arkansas, and all necessary parties reside in the Western District of Arkansas.

## FACTUAL ALLEGATIONS

8.) The physical location of the incident that forms the basis of this lawsuit is the Casey's General Store located at 2720 West Wedington Drive, Fayetteville, Arkansas. (Herein referred to as "Casey's").

9.) Casey's is commonly referred to as a convenience store with fuel islands, or a gas station.

10.) On Friday, July 12, 2024, at approximately 7:00 am., Plaintiff arrived at Casey's with her 4-year-old son J.C. She parked forward-facing in a parking spot to the right of the front entrance. They went into the store where she bought some items. They then went back to her car, and she put the little boy into his car seat in the back passenger seat.

11.) Plaintiff's car is a white 2009 Lincoln MKS 4-door passenger car.

12.) Plaintiff had a valid Arkansas temporary license tag on the vehicle.

13.) The Defendants were attempting to locate a white 2013 Lincoln MKZ vehicle.

14.) As soon as the Defendants arrived at Casey's, they were all fully aware that the person standing beside the white Lincoln MKS vehicle at Casey's was a white woman.

15.) The Defendants were in four separate vehicles. Three drove SUVs, and the fourth, driven by Defendant Randall Schwab, was a car.

16.) Defendants arrived at the Casey's at the same time.

17.) Defendants parked in a pattern that totally blocked in Payton Mallia's vehicle.

18.) Defendants all had their blue lights activated.

19.) All the vehicles were clearly marked as Arkansas State Police law enforcement vehicles.

20.) Three of Defendants got out of their vehicles carrying high powered semi-automatic rifles believed to be Colt model AR-15's which shoot a 5.56x45 NATO round. Defendant Schwab did not carry a rifle.

21.) Seeing the behavior of the Defendants, Payton Mallia turned toward them and raised her hands palms-forward. Her hands were empty.

22.) All Defendants could see that she was unarmed.

23.) Defendants instructed her to get down on the ground. She immediately complied. She got down on her knees and held her hands in the air.

24.) Defendant Taylor Elkins ordered her to lay face down on the pavement of

the parking lot. She immediately complied.

25.) Defendant Schwab handcuff Plaintiff's hands behind her back. He then helped her stand up.

26.) Defendant Brandon Walker went to the front of Plaintiff's white 2009 Lincoln MKS, and looking through the windshield, immediately determined that the Vehicle Identification Number (VIN) was not a match for the vehicle they were actually looking for that day. He immediately alerted the other Defendants that the car was not a match.

27.) Defendant Randall Schwab then removed the handcuffs. However, instead of letting the Plaintiff go about her business, he made Plaintiff retrieve her valid Arkansas driver's license from inside the vehicle. She did not consent to this procedure.

28.) He took physical possession of the license and called in a warrant check on her. The warrant check came back indicating she was not a wanted person and she had no criminal record. She did not consent to be detained for the time it took to contact the dispatcher about her identity.

29.) Once the warrant check was completed, she was released from custody.

30.) This entire incident was captured on the Defendants' dash cameras.

31.) Payton Mallia was placed in fear for her and her child's safety by the Defendants' actions.

32.) Payton Mallia is not, and has never, been connected to any criminal

activity. She created absolutely no reasonable suspicion that would allow the Defendants to act the way they did.

33.) At all times related to this case, each Defendant knew that Payton Mallia did not present any threat to them or anyone else. At no time was it appropriate to make her get on the ground, much less face down on the parking lot. Furthermore, since they had complete control of the situation, there was absolutely no reason to handcuff her.

34.) Her being handcuffed was an unlawful arrest not based upon probable cause in violation of the federal Fourth Amendment. It was also the use of excessive force under the circumstances.

35.) At all times related to this case, the Defendants did not have any specific information that they were looking for a woman, and certainly not this particular woman. They were told by dispatch that they were looking for an unknown individual. They had no physical description of the person that they were seeking. This was evidenced by the dispatch logs and the police reports.

36.) The Defendants had the wrong car and the wrong suspect. They all immediately knew those facts because they had no idea who they were looking for and could all see the MKS plate on the rear of Plaintiff's car. They all knew they were only looking for an MKZ vehicle. Plaintiffs' vehicle was clearly not an MKZ vehicle.

37.) Defendants were attempting to track the MKZ vehicle with an Apple AirTag

device. They all knew from the tracking and accuracy history that this device was not accurate enough to provide reasonable suspicion or probable cause to detain or arrest any person or vehicle.

38.) The MKZ vehicle was ultimately found in Benton County, Arkansas. It had been driven by a man. The MKZ vehicle and the man were never associated with the Plaintiffs at any time.

39.) All of the actions or omissions done by each Defendant was done "under color of state law."

40.) Plaintiffs have suffered, and will suffer, damages to include emotional distress, mental pain and suffering, embarrassment and humiliation. This is not an exclusive list. The damages are attributable due to each Defendant's unlawful actions both individually and collectively.

## CAUSE OF ACTION #1
## VIOLATION OF THE FEDERAL FOURTH AMENDMENT:
## UNLAWFUL INITIAL TRAFFIC STOP BY ALL DEFENDANTS

41.) All the actions taken by the Defendants individually or collectively, amounted to an unlawful and unreasonable initial seizure of Payton Mallia and her minor child J.C. by using their blue lights and physically blocking them from leaving Casey's. The Defendants had insufficient reasonable suspicion that Plaintiffs were involved, or had been involved, in any criminal activity and thus no exception to the warrant requirement applied. This was a violation of the federal Fourth Amendment

violation and 42 U.S.C. §1983.

## CAUSE OF ACTION #2
## VIOLATION OF THE FEDERAL FOURTH AMENDMENT:
## USE OF EXCESSIVE FORCE BY DEFENDANTS ELKINS AND SCHWAB

42.) Defendant Schwab, by handcuffing the Plaintiff, when there was no reasonable belief that she was involved in any criminal activity, was unarmed, and presented absolutely no danger to anyone, unlawfully used excessive force in violation of the federal Fourth Amendment and 42 U.S.C. §1983.

## CAUSE OF ACTION #3
## VIOLATION OF THE FEDERAL FOURTH AMENDMENT:
## UNLAWFUL ARRESTBY DEFENDANTS ELKINS AND SCHWAB

43.) Defendant Schwab unlawfully arrested the Plaintiff. There was no probable cause to arrest her at any time for any criminal offense. This was a violation of the federal Fourth Amendment and 42 U.S.C. §1983.

## CAUSE OF ACTION #4
## VIOLATION OF THE FEDERAL FOURTH AMENDMENT:
## SECOND UNLAWFUL DETENTION BY DEFENDANT SCHWAB

44.) After the Plaintiff was unhandcuffed, she was once again unlawfully detained by Defendant Schwab. Defendant Schwab unlawfully detained Plaintiff by ordering her to produce her driver's license and running a warrant check on her. She could not leave in her car without her driver's license. Defendant Schwab had not developed any new information from the time that she was unhandcuffed until his

demand for her driver's license that would allow for a legal detention of Plaintiff Payton Mallia. Plaintiff did not consent to this procedure and delay. This was a violation of the federal Fourth Amendment and 42 U.S.C. 1982.

45.) The Defendants' actions were intentional and deliberate unlawful acts amounting to a showing of deliberate indifference to the Plaintiffs' rights under the Fourth Amendment to the United States Constitution and Title 42 U.S.C. § 1983.

46.) None of the Defendants are entitled to qualified immunity in any form or by any description. Their actions, individually or collectively, show that they purposefully violated the Plaintiffs' federal Fourth Amendment rights.

## ISSUE RELATED TO QUALIFIED IMMUNITY

47.) The Defendants are not entitled to qualified immunity for their misconduct. In fact, qualified immunity is unlawful for all the reasons noted by the United States District Court for the Southern District of Mississippi in *Green v. Thomas*, 734 F.Supp.3d 532 (S.D. Miss. 2024), *affirmed in part, reversed in part* by 129 F.4th 877 (5th Cir. 2025). The most important factor is that qualified immunity is a judicially-created action. Nowhere in the text or history of the Civil Rights Act of 1871, 42 U.S.C. §1983, does the statute mention any type of immunity. Therefore, qualified immunity, and its test of "clearly established law," are an unlawful limiting of the scope of the statute and the relief that was intended to bestow to injured parties. This type of immunity must be created by Congress and normally signed into law by the

President. The Judiciary must enforce the law as enacted, not make "policy" decisions that have the force of law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

48.) The Plaintiffs demand judgment against all Defendants for the following relief:

    A.) Compensatory damages;

    B.) Punitive damages;

    C.) Costs of this action;

    D.) Necessary and reasonable attorney fees and expenses pursuant to Title 42 U.S.C. §1988, Federal Civil Rights Act;

    E.) Any and all other relief to which the Plaintiffs are entitled by law.

49.) Plaintiffs demand a jury trial.

        PAYTON MALLIA, on behalf of
        herself and her minor child J.C.

        PLAINTIFFS

BY:    /S/ Doug Norwood
        Doug Norwood, Arkansas Bar No. 87-097
        Alison Lee, Arkansas Bar No. 2006087
        NORWOOD & NORWOOD, P.A.
        2001 South Dixieland Road
        P.O. Box 1960
        Rogers, Arkansas 72757

(479) 636-1262    P
(479) 636-7595    F
doug@norwoodattorneys.com
alison@norwoodattorneys.com

## VERIFICATION

I, Payton Mallia, hereby verify that the above information in this Complaint is true and accurate to the best of my knowledge.

*Payton Mallia*
Payton Mallia
November 12, 2025

On November 12, 2025, Payton Mallia appeared before me and swore under oath and under penalty of perjury that the Complaint is true and accurate to the best of her knowledge.

*Sandra Tedford*
Sandra Tedford
Notary Public
Benton County, Arkansas
November 12, 2025

OFFICIAL SEAL
SANDRA L. TEDFORD
NOTARY PUBLIC, ARKANSAS
BENTON COUNTY
COMMISSION #12697546
COMMISSION EXP. 05/06/2026